WAKEM & McLAUGHLIN v. UNITED STATES.

(Circuit Court, N. D. Illinois, E. D. April 26, 1906.)

No. 26,831 (1,565).

CUSTOMS DUTIES—BROKEN RICE—NO. 12 SIEVE—TREASURY REGULATIONS.

    Under the provision in paragraph 232, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 169 [U. S. Comp. St. 1901, p. 1649], for "rice broken, which will pass through a sieve known commercially as number twelve wire sieve," the Secretary of the Treasury prescribed for the use of customs officers one of several kinds of sieves which were known commercially as "No. 12," though they varied somewhat in the size of their meshes. The kind selected was not the one which would allow the greatest quantity of rice to pass through. Held that the exclusive use of such a sieve might be prescribed, regardless of the fact that it was not the one most favorable to importers.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,350, T. D. 24,492, which affirmed the assessment of duty by the collector of customs at the port of Chicago, on importations of broken rice. The importers contended that the collector had improperly excluded the rice from classification under the provision in paragraph 232, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 169 [U. S. Comp. St. 1901, p. 1649], for "rice broken which will pass through a sieve known commercially as a number twelve wire sieve."

The facts of the case are shown by the following excerpt from the opinion of the board:

"FISCHER, General Appraiser. It is satisfactorily established by the record that a sieve known commercially as No. 12 wire sieve is one which has 12 openings, squares or meshes to the inch, without regard to the thickness of the wire, and that such commercial sieves are made of different gauge wires. The Treasury Department, in T. D. 22,680, issued instructions that the sieve to be used by customs officers in applying the provisions of the paragraph in question should be one made of No. 24 brass wire, either Stubbs or Birmingham gauge. It is obvious that since all No. 12 sieves have 12 openings or

squares to the inch, the coarser the wire the smaller will be these openings or squares, and while the importers do not deny that the sieve used by the government is known commercially as a No. 12 wire sieve, they contend that a No. 12 sieve with finer wire and hence larger openings should be used, and at the hearing produced a commercial No. 12 wire sieve of about No. 32 gauge (Stubbs or Birmingham). Experiment showed that about 90 per cent. of the rice would pass through this sieve, and it is urged by the importers that, since they have produced a sieve through which the greater bulk of their rice will pass, they have shown that their rice is within the language of the paragraph as 'rice broken which will pass through a sieve known commercially as number twelve wire sieve.' While this may be true, it is none the less true that, when the government sieve is considered, the importers' rice will not pass through a sieve known commercially as No. 12 wire sieve, and hence is excluded from the provision quoted."

The Board held that, in view of the existence of these different styles of No. 12 commercial wire sieve, it was proper for the Treasury Department to prescribe the use of the sieve that was employed by the customs officers in this case, as the subject came within the general authority conferred upon the Secretary of the Treasury by section 251, Rev. St. (U. S. Comp. St. 1901, p. 138).

The importers made the following assignments of error in their application for review: "The Board of Appraisers erred, as matters of law: (1) In deciding that the Secretary of the Treasury had a right to arbitrarily select one variety of No. 12 sieve for use in enforcing paragraph 232 of the tariff act of July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 169 [U. S. Comp. St. 1901, p. 1649] and exclude all other sieves from use. (2) In holding that the importer had no right to have classed as broken rice, at one-fourth of 1 cent per pound rice which would pass through a commercial No. 12 wire sieve, because it would not pass through one selected by customs officers under an arbitrary ruling of the Secretary of the Treasury."

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

Robert W. Childs, Asst. U. S. Atty.

BETHEA, District Judge. Extract from order. It is ordered, adjudged, and decreed that the decision of the said Board of United States General Appraisers in this cause be, and the same is, hereby affirmed, and said action of the collector of customs for the port and district of Chicago in the classification of the merchandise in question be, and the same is, sustained.